IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Rishard Lewis Geter,<br>Pod 4, Cell 6, Bin 247,<br>　　　　　　　　　Plaintiff,<br>vs.<br>Officer Secrets; McCravy; and Lt. Miller,<br>　　　　　　　　　Defendant. | Civil Action No. 8:05-885-HFF-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeke relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on March 31, 2005, seeking damages for alleged civil rights violations. On July 18, 2005, the defendants filed a motion for summary judgment. By order filed July 19, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was informed of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 13, 2005, the plaintiff filed a letter asking for relief in the amount of $50,000. The defendants construed this letter as a response to their motion for summary judgment, and on September 20, 2005, they filed a response to the letter. On September 27, 2005, the plaintiff filed a reply in opposition to the motion for summary judgment.

**FACTS PRESENTED**

The plaintiff is an inmate currently incarcerated at the Lee Correction Institution. At the time of the incident alleged in the complaint, the plaintiff was a pretrial detainee at the Spartanburg County Detention Facility ("SCDF"). He alleges that on November 10, 2004, he was physically assaulted in his cell by Officers Secrest[1] and McCravy. He alleges that Officer Secrest "rushed into his room in a swinging motion" and that the plaintiff was then sprayed with mace. Following the mace, the plaintiff alleges that Officers Secrest and McCravy held him down and punched him in the face, and then took him to another room where he was "maced" again. He was then placed in a shower, where he "rins[ed] and wash[ed] [his] face for about an hour," and then was transported to the hospital. He alleges that Lt. Miller "continuously" hit him in the face and ribs while he was handcuffed, and that he also threatened him. The plaintiff alleges that he was "forced to refuse medical treatment for pain and suffering after waiting to be treated for several hours." He alleges that he has "permanent damage to [his] vision and emotional trauma" and that he lives in "a permanent state of shock." (comp. at 3-4). The plaintiff seeks actual damages.

Affidavits from the defendants and Larry Powers, the SCDF Director, and Corporal Travis Murray, are attached to the motion for summary judgment. Defendant Secrest states that the plaintiff was housed in Pod 5 because of "continuous behavioral problems." On the day in question the plaintiff had been involved in two other incidents, one where he was found in possession of three bars of soap in violation of SCDF policy and the other where he place his arm into his cell door's food hatch during food service, thus keeping the officer from closing the door. Later that night, according to Officer Secrest, when he was conducting headcount with Officer McCravy:

---

[1] Officer Secrest is mistakenly named as Officer "Secrets" in the complaint.

> Inmate Geter walked out of his cell when the door opened. Officer McCravy instructed Inmate Geter several times to return to his cell without compliance. Officer McCravy then pushed Inmate Geter back into his cell. Instead of returning back into his cell, Inmate Geter swung with his left closed fist and struck me on the right side of my face. I tried to restrain Inmate Geter while telling him to get on the ground. Inmate Geter jerked away from me. I told Inmate Geter to stop resisting. Because of Inmate Geter's noncompliance with our instructions and the security threat he was posing, Officer McCravy sprayed Inmate Geter with Oleoresin Capsicum Spray (commonly referred to as pepper spray). Inmate Geter then ran out of his cell into the day area. I followed behind him and instructed him to get on the ground. I placed my right hand over Inmate Geter's left wrist and my left hand over the suspect's left tricep and restrained him on the floor. Officer McCravy then handcuffed Inmate Geter. Inmate Geter was escorted out of the pod by Corporal Murray and Officer Bridges without further incident.

(Secrest aff. at ¶ 8).

The affidavits of defendants McCravy and Miller tell similar stories. Officer McCravy states that he administered the pepper spray "in an attempt to control this threat to security." (McCravy aff. at ¶ 6). Officer Miller states that he responded to an "officer needs assistance" call on the night in question and that when he arrived in Pod 5 the plaintiff was handcuffed and had been sprayed with pepper spray. He observed that Officer Secrest had been injured, and so Officers Murray and Bridges escorted the plaintiff out of the pod and into the shower area for decontamination (Miller aff. at ¶ 6).

Corporal Murray, who is "responsible for implementing jail policies and maintaining order and security with the SCFD" states in his affidavit that the plaintiff was a "belligerent and disruptive inmate" while housed at SCDF. (Murray aff. at ¶¶ 2, 3). Corporal Murray testifies in his affidavit that after the incident involving the plaintiff, he and Officer Bridges escorted the plaintiff to the shower area for decontamination and that the plaintiff was then transported to the hospital for medical evaluation. Corporal Murray then "entered

3

[the plaintiff's] cell and noted writing on the walls and ceilings." The plaintiff had written his name on the ceiling and profanities on the wall (Murray aff. at ¶ 5).

In his affidavit, Director Powers stated that the plaintiff was a "belligerent and disruptive inmate" and that within two months of his detainment, the plaintiff had "acquired twelve rule violations, including, but not limited to, assault on an officer with bodily fluid, assault on an inmate, failure to follow an officer's commands, and threatening pod security." (Powers aff. at ¶ 5).[2] Director Powers also states that he conducted an investigation of the incident and determined that "[t]he need and type of force used in this incident was appropriate concerning the potential threat to security posed by Inmate Geter and his noncompliance with officers' instructions." (Powers aff. at ¶ 8)[3].

Hospital records attached to the summary judgment motion show that the plaintiff was treated at Spartanburg Regional Healthcare on November 11, 2004. The plaintiff's chief complaint was burning in his eyes due to pepper spray. He was treated for conjunctivitis and was released back to the jail. The records indicate that the plaintiff denied any visual changes in his eyes. The clinical impression noted in the record was that his problem was "resolved." (Ex. C).

## APPLICABLE LAW

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

[2] The plaintiff's prison disciplinary records are attached to the motion for summary judgment as Exhibit A.

[3] The investigative report is attached to the motion for summary judgment as Exhibit B.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" id the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

**ANALYSIS**

The plaintiff alleges that the defendants used excessive force against him. In *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997), the Fourth Circuit Court of Appeals concluded that the excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. Additionally, the proper analysis under the Fourteenth Amendment is "whether the force applied was 'in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir. 1998).

The affidavits submitted in support of summary judgment show that the plaintiff refused to follow directives and that he physically assaulted defendant Secrest. The application of the pepper spray was an appropriate and minimal response to the threat posed by the plaintiff to the officers involved. Further, when the plaintiff was examined by medical professionals after being transported to the hospital, he complained only of burning in his eyes, and was treated for conjunctivitis.

In *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) the court held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." Further, "extraordinary circumstances are present when 'the force used [is] of a sort repugnant to the conscience of mankind … or the pain itself [is] such that it can properly be said to constitute more than *de minimis* injury.'" *Taylor*, 155 F.3d at 483-84 (citing *Norman*, 25 F.3d at 1263 n. 4). Importantly, in *Riley*, the court extended the holding of *Norman* to excessive force claims brought by pretrial detainees. *Riley*, 115 F.3d at 1166.

Likewise, in the present case, the lack of any serious injury compels the conclusion as a matter of law that the plaintiff suffered no constitutional deprivation when he was restrained by the defendant. *See Taylor,* 155 F.3d at 484 ("temporary swelling and irritation is precisely the type of injury this Court considers *de minimis*."); *Stanley v. Hejirika*,

6

134 F.3d 629, 637-38 (4th Cir. 1998) ("bruising of his right arm, left jaw, left and right wrists and back, and a tooth which was loosened" constituted *de minimis* injury).

Based upon the foregoing, this court finds that the plaintiff has failed to show an issue of material fact with regard to "whether the force applied was 'in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Accordingly, summary judgment should be granted.

The defendants further argue that they are entitled to qualified immunity. As there is no evidence that the defendants violated any constitutional rights of the plaintiff, it is unnecessary to address this issue. *See Young v. City of Mount Rainier*, 238 F.2d 567, 577-578 (4th Cir. 2001)(where court concluded that the complaint did not allege a constitutional violation, there was no need to consider the question of qualified immunity).

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment be granted.

s/ Bruce H. Hendricks
United States Magistrate Judge

February 3, 2006
Greenville, South Carolina